THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC CACHO                        :
                                  :
         Plaintiff,               :
                                  :
    v.                            :   3:11-CV-674
                                  :   (JUDGE MARIANI)
MARIROSA LAMAS, et al.,           :
                                  :
         Defendants               :

FILED
SCRANTON

JUL 2 5 2012

PER _____
         DEPUTY CLERK

## MEMORANDUM OPINION

### I. Introduction

Before the Court are Defendants' Motion to Dismiss Amended Complaint (Doc. 21), Magistrate Judge Mannion's Report & Recommendation ("R&R") (Doc. 32), and Plaintiff's Objections (Doc. 33). For the reasons set forth below, the Court will overrule Plaintiff's Objections, adopt the R&R, and grant Defendants' Motion. To the extent that Plaintiff alleges a Fourteenth Amendment Due Process violation from a deprivation of property, the Court will dismiss the claim because he had access to and used an adequate post-deprivation remedy. Finally, the Court will not grant Plaintiff leave to amend his complaint a third time.

### II. Factual Allegations and Procedural History

Plaintiff, an inmate at SCI-Rockview, filed a 42 U.S.C. § 1983 action in his Second Amended Complaint ("SAC") alleging violations of his First Amendment right of access to the courts and Fourteenth Amendment due process rights. (SAC, Doc. 15, ¶ 6). Plaintiff

claims his rights were violated when Defendants Corrections Officers Shaffer and Fleck discarded his legal documents. (*Id.* at ¶ 5). Defendants Shaffer and Fleck received these documents from inmate Alamo, who had been helping Plaintiff with his petition. (*Id.* at ¶¶ 2-3). These documents included decisions of the U.S. District Court for the Eastern District of Pennsylvania and the Third Circuit Court of Appeals which were crucial to his petition for *certiorari* to the United States Supreme Court on a *habeas corpus* petition. (*Id.* at ¶ 3). After Plaintiff filed a grievance and appeal, Defendant Lamas (the Superintendent of SCI-Rockview) denied his grievance appeal. (Doc. 33, Exs. A, B).

### III. Standard of Review

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report & Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1). *See also Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); Local Rule of the Middle District of Pennsylvania 72.3.

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[W]hen presented with a motion to dismiss for failure to state a claim, . . . [the] Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1949). The "Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211.

## IV. Analysis

Magistrate Judge Mannion recommended dismissing Plaintiff's SAC on multiple grounds: (1) to the extent that Plaintiff was suing Defendants in their official capacities, they were immune under the Eleventh Amendment, (2) Plaintiff's claims against Defendant Lamas failed for lack of personal involvement, and (3) Plaintiff failed to allege "actual harm" as a result of Defendants' alleged actions. (Doc. 32, at 1-2).

First, in his Objections,[1] Plaintiff does not dispute immunity for Defendants in their official capacities, but rather states that they remain liable in their individual capacities. (Doc. 33, ¶ 3). Therefore, the Court concludes there are no Objections to this recommendation of the R&R and adopts the portion of the R&R dismissing all Defendants in

---

[1] Magistrate Judge Mannion issued his R&R on July 2, 2012. Under Local Rule 72.3, Plaintiff had fourteen (14) days, plus an addition three (3) days for mailing, to file written objections. Thus, his written objections were to be filed on or before July 19, 2012. However, he did not file his Objections until July 24, 2012. Despite being untimely, Plaintiff's Objections will be addressed on their merits.

their official capacities. Thus, Defendants remain in the case in their individual capacities only. For the reasons set forth below, the Court will dismiss all claims against all Defendants in their individual capacities for Plaintiff's failure to state a claim upon which relief can be granted.

Second, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In the SAC, Plaintiff claimed that Defendant Lamas's "personal involvement was that she was trying to cover up and/or justify the two officers' unauthorized destruction of Plaintiff's legal papers by saying the papers were confiscated and considered contraband and were appropriatly [sic] discarted [sic]." (Doc. 15, ¶ 2). To clarify this argument, in his Objections (Doc. 33, ¶ 4), Plaintiff argues that after he filed a grievance appeal regarding the discarded legal documents on June 16, 2010 (Doc. 33, Ex. B), Defendant Lamas wrote him a letter on July 26, 2010 denying his grievance appeal (Doc. 33, Ex. A). Because these allegations do not impute Defendant Lamas with participating in, directing, or even being aware of the alleged destruction of Plaintiff's legal documents, the Court will adopt the R&R's recommendation on this point.[2] Defendant Lamas's actions occurred only after the alleged discarding of

---

[2] Plaintiff cites *Jacobs v. Beard* for the proposition that Defendant Lamas was wrong to deny his grievance appeal. 172 F. App'x 452 (3d Cir. 2006). The Court first notes that *Jacobs* is non-precedential and therefore non-

4

Plaintiff's legal documents. Thus, Defendant Lamas will be dismissed as a party to this action.

Third, Magistrate Judge Mannion recommended that the SAC be dismissed for failing to allege "actual injury" as a result of the alleged destruction of Plaintiff's legal documents. "Actual injury" includes "the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "Actual injury" also can be demonstrated by showing that Defendants' actions resulted in the "loss or rejection of a legal claim." *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997). The underlying lost or rejected legal claim must be specifically identified and meritorious, meaning the complaint must pass the "'nonfrivolous' test and [ ] show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 415-6, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Moreover, at least one court has found petitions for a writ of certiorari to be frivolous when other courts have denied a certificate of appealability, which is the basis for Plaintiff's present suit. *Harper v. Beard*, No. 2:05-CV-01803, 2007 WL 4242214, at *4-6 (E.D. Pa. Nov. 28, 2007) (finding no actual injury when the petitioner missed a *certiorari* filing deadline with the U.S. Supreme Court because he

---

binding on this Court. Furthermore, with respect to the plaintiff's claim of First Amendment right of access to the courts in *Jacobs*, the Third Circuit found that his allegations that "because his legal documents were seized, he lost parties from a lawsuit and was prevented from pursuing certain claims" were "not sufficiently specific to state a claim." *Id.* at 456. The Court then found that the district court had neither permitted the plaintiff to file a curative amendment nor found that such an amendment would be inequitable or futile, so a remand was warranted. This is not the case here. *See infra*. Finally, the Third Circuit reasoned that "in the case of the documents seized from inmate Lyons [who had been holding the documents for the plaintiff], the prison might choose to categorize the documents as 'contraband' in the hands of Lyons, but it does not necessarily follow that the documents should be destroyed, rather than returned to their owner." *Id.* at 455. This statement was made in connection with the Court's conclusion that the plaintiff had made out a *prima facie* case of retaliation, a claim that is not present here.

could not provide the Court with the final two pages of a lower court's opinion), *aff'd* 326 F. App'x 630 (3d Cir. 2009).

Plaintiff attempts to distinguish *Harper* by saying "unlike plaintiff's case, Harper had a chance to file his writ of *certiorari*, but was sent back to him a few times. So the Court was able to deem it frivolous." (Doc. 33, ¶ 5). However, that is not what happened in *Harper*. Harper attempted to submit his *certiorari* petition to the Supreme Court multiple times, but each time, his petition was rejected because it was incomplete. After multiple failed attempts, the Supreme Court rejected his final petition for untimeliness. Thus, the Supreme Court never addressed the petition for *certiorari* on the merits. *Harper*, 2007 WL 4242214, at *3. Out of his inability to petition for *certiorari* to the Supreme Court, Harper filed suit in the United States District Court for Eastern District of Pennsylvania alleging that his constitutional right of access to the courts had been violated because the lower courts did not provide him with complete documents despite his numerous and timely requests. It was the Eastern District Court which determined that Harper's suit was frivolous. Like Harper, Plaintiff was unable to file a complete petition for *certiorari* to the Supreme Court, and out of that frustrated attempt, he now brings suit in a federal district court alleging that his First and Fourteenth Amendment right of access to the courts was violated when his legal documents were discarded, thus preventing him from filing his petition for *certiorari*. Thus, this Court finds *Harper* persuasive and will now examine Plaintiff's claim to determine whether it is meritorious and non-frivolous.

Plaintiff's petition for writ of *certiorari* sought appeal of decisions from the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit.[3] Though Plaintiff did not specify which decisions were the basis of his *habeas* petition, Magistrate Judge Mannion identified two cases which fit the procedural description offered by Plaintiff, *Cacho v. Tennis*, No. 09-3415 (3d Cir. Dec. 7, 2009) and *Cacho v. Tennis*, No. 09-3465 (3d Cir. Dec. 16, 2009). (Doc. 23, Ex. B). In each of these cases, the plaintiff's writ of *habeas corpus* was denied by the District Court of the Eastern District of Pennsylvania and Plaintiff was subsequently denied a Certificate of Appealability by the Third Circuit. (Doc. 23, Exs. B, C).

Specifically, the Third Circuit stated in No. 09-3415: "Appellant has failed to make a substantial showing of the denial of a constitutional right. Reasonable jurists of reason would not debate whether the District Court properly found that Cacho's petition was untimely and barred by AEDPA's limitations period." (internal citations omitted) (Doc. 23, Ex. B). In 09-3465, the Court found that Plaintiff again failed to make a substantial showing of the denial of a constitutional right and "reasonable jurists would not debate whether the District Court was correct in concluding that Cacho's claim lacks merit and denying the petition for a writ of habeas corpus." (*Id.*) Thus, the Court finds that Plaintiff's present

---

[3] Local Rule of Appellate Procedure 22.3 provides:

An application for a certificate of appealability will be referred to a panel of three judges. If all the judges on the panel conclude that the certificate should not issue, the certificate will be denied, but if any judge of the panel is of the opinion that the applicant has made the showing required by 28 U.S.C. § 2253, the certificate will issue.

7

claims lack merit and he therefore suffered no "actual injury" from the loss of these documents and will adopt the R&R on this point, as well.

Fourth, Plaintiff's SAC avers that he was "denied access to the courts which is a First Amendment violation to the Constitution of the United States. And a Due Process violation of the Fourteenth Amendment of the U.S. Constitution." (SAC, Doc. 15, ¶ 5). As far as the Court can determine, Plaintiff's claim is for the denial of his ability to file a petition for *certiorari*,[4] but insofar as he is claiming a separate Due Process violation in connection with the deprivation of his property, the Court will address the claim out of an abundance of caution.

Plaintiff's documents were confiscated not from him, but taken from inmate Alamo, who had been helping Plaintiff with his petition for *certiorari*. (*Id.* at ¶¶ 2-3; Doc. 33, Ex. D). Plaintiff filed a grievance alleging that proper procedure was not followed[5] after the legal documents were confiscated. (Doc. 33, Ex. B). Defendant Lamas denied his grievance appeal and stated the documents were "contraband" because inmate Alamo was not permitted to keep Plaintiff's property which was therefore "appropriately discarded." (Doc. 33, Ex. A).

---

[4] That is how Defendants and Magistrate Judge Mannion interpreted the SAC, so neither addressed the Fourteenth Amendment Due Process issue.

[5] In his Objections, Plaintiff cites to DC-ADM 815, Procedures Manual Section 3(C)(8):

> All items deemed to be contraband will be destroyed or otherwise disposed of. The facility security office, after consultation with the Major, will determine when contraband will be destroyed. Destruction of contraband will ONLY occur after the inmate's misconduct hearing is held and the misconduct appeal process is exhausted. When an inmate files a grievance regarding confiscated contraband, destruction of the property will only occur after the appeal process has been exhausted.

An unauthorized deprivation of an inmate's property does not amount to a due process violation where an adequate and "meaningful post-deprivation remedy" is available. *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008) (citing *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). Prison grievance procedures constitute an adequate and meaningful post-deprivation remedy (*Id.*), as well as the ability to file a state tort action. *Tapp v. Proto*, 404 F. App'x 463, 567 (3d Cir. 2010) (citing *Hudson*, 468 U.S. at 535). The record shows that Plaintiff chose to utilize the grievance procedures available to him but received an unfavorable result.[6] (Doc. 33, Exs. A, B). Therefore, Plaintiff's Fourteenth Amendment Due Process rights were not violated.

Finally, "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, (3d Cir. 2002). Before Defendants filed their Motion to Dismiss, Plaintiff was permitted to amend his complaints twice. After Defendants filed their Motion to Dismiss, Plaintiff did not seek leave to amend. Having read all three complaints, the Court concludes that further amendment would be futile because the facts in support of

---

[6] For cases in which courts addressed fact patterns similar to those at issue here, *see, e.g., Booth v. King*, 346 F. Supp. 2d 751, 759-760 (E.D. Pa. 2004) (finding no First Amendment violation where legal mail was destroyed because there was no "actual injury," and no Fourteenth Amendment violation where grievance procedure was available for allegedly wrongful confiscation of legal documents); *McCain v. Wetzel*, No. 11-7241, 2012 WL 2820475, at *3, n.5 (E.D. Pa. July 10, 2012) (finding no First Amendment violation even though prison lost a prisoner's legal documents in part by allegedly failing to follow its own inventory procedures and finding no Fourteenth Amendment violation because the prisoner used the available grievance procedure); *Gordon v. Vaughn*, No. CIV. A. 99-1511, 1999 WL 305240, at *1 (E.D. Pa. May 12, 1999) (same).

the underlying claims has changed but little throughout Plaintiff's pleadings. Therefore, the Court will not grant Plaintiff leave to amend the complaint a third time.

## V. Conclusion

For the foregoing reasons, the Court will overrule Plaintiff's Objections to the Report & Recommendation (Doc. 33), adopt the Report & Recommendation (Doc. 32), and will grant Defendants' Motion to Dismiss (Doc. 21). To the extent that Plaintiff alleges a Fourteenth Amendment Due Process violation from a deprivation of property, the Court will dismiss the claim because he had access to and used an adequate post-deprivation remedy. Finally, the Court will not grant Plaintiff leave to amend his complaint a third time. A separate Order follows.

Robert D. Mariani
United States District Judge